# NO. 24-6665

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**GREGORY ALLEN BONNIE,**
*Petitioner-Appellant,*

**v.**

**WARDEN DUNBAR,**
*Respondent-Appellee.*

-------------------------------

Due Process Institute; National Association of Criminal Defense Lawyers
*Amici Supporting Appellant*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA AT FLORENCE

## RESPONSE BRIEF OF RESPONDENT-APPELLEE

ADAIR F. BOROUGHS
United States Attorney

KIMBERLY V. HAMLETT
Assistant United States Attorney
151 Meeting Street, Suite 200
Charleston, South Carolina 29401
Tel.:    (843) 266-1673
Fax:    (843) 727-4443
Kimberly.Hamlett@usdoj.gov
*Attorney for Respondent-Appellee*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................iv

INTRODUCTION ............................................................................................1

STATEMENT OF JURISDICTION........................................................................1

STATEMENT OF THE ISSUE............................................................................1

> Did the district court correctly hold that 18 U.S.C. § 3632(d)(4)(D) of the First Step Act, in conjunction with 18 U.S.C. § 3584(c) of the Sentencing Reform Act, renders Bonnie ineligible to earn time credits under the First Step Act because he is serving a term of imprisonment for multiple offenses, one of which is ineligible for time credits?

STATEMENT OF THE CASE..............................................................................2

I.      Statutory and Regulatory Background ..........................................2
II.     Factual Background .........................................................................4
III.    Procedural History ..........................................................................6

SUMMARY OF THE ARGUMENT ....................................................................11

STANDARD OF REVIEW ...............................................................................12

ARGUMENT ...............................................................................................12

I.      The BOP properly determined that Bonnie is not eligible to earn FSA time credits...................................................................................12

        A. The BOP is authorized to determine sentence credits.............................13

        B. The plain language of 18 U.S.C. § 3632(d)(4)(D) placed in its statutory context requires the BOP to aggregate sentences to determine FSA eligibility.................................................................14

        C. Courts nationwide have interpreted the FSA to disqualify prisoners, like Bonnie, who are serving an aggregate term of imprisonment that includes an ineligible offense. ...............................................19

II.    This Court should reject Bonnie's attempt to create an unnecessary circuit split based on a reading of the FSA that is not built with all of the tools of statutory construction. ..................................................................27

A. Bonnie's interpretation disregards the statutory scheme. ........................27

B. Bonnie tries to undermine the clear statutory language by looking to legislative history and the FSA's purpose.................................................33

C. The rule of lenity cannot save Bonnie's interpretation. ............................34

D. Bonnie's interpretation fails to consider the BOP's consistent practice of aggregating sentences when determining FSA eligibility.........................37

CONCLUSION.........................................................................................39

STATEMENT REGARDING ORAL ARGUMENT .............................................40

CERTIFICATE OF COMPLIANCE....................................................................41

CERTIFICATE OF SERVICE ..............................................................................42

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Andrews v. Rardin*,
 No. 2:24-cv-10994-SFC, 2024 WL 3236249 (E.D. Mich. June 28, 2024) ..........24

*Baker v. Lovett*,
 No. 6:24-cv-00120-KKC, 2024 WL 4157989 (E.D. Ky. Aug. 21, 2024)............24

*Banks v. King,*
 No. 5:22-HC-02164-M-RJ, 2023 WL 8242450 (E.D.N.C. Nov. 28, 2023).........23

*Barber v. Thomas*,
 560 U.S. 474 (2010)..............................................................................................36

*Barnes v. Warden*,
 No. 23-cv-2333-ELH, 2024 WL 3275477 (D. Md. July 2, 2024).......................23

*Beadle v. Rardin*,
 No. 0:24-cv-02045-JWB-DJF, 2024 WL 3403236 (D. Minn. June 20, 2024)*,*
 *report and recommendation adopt*ed, No. 0:24-cv-02045-JWB, 2024 WL
 3402708 (D. Min. July 13, 2024) ......................................................................24

*Bifulco v. United States*,
 447 U.S. 381 (1980)..............................................................................................36

*Brewer v. Harrison*,
 No. 2:23-cv-2305-SHL, 2024 WL 4859101 (W.D. Tenn. Nov. 21, 2024)..........23

*Brodie v. Pliler*,
 No. 1:22-cv-03821-LGS, 2022 WL 16751908 (S.D.N.Y. Nov. 7, 2022) ............26

*Castaneda v. Perry*,
 95 F.4th 750 (4th Cir. 2024) ................................................................................12

*Cela v. Garland*,
 75 F.4th 355 (4th Cir. 2023) ..................................................................................8

*Chambers v. Warden Lewisburg USP*,
 852 F. App'x 648 (3d Cir. 2021) .........................................................................17

iv

*Chevron, USA, Inc. v. NRDC, Inc.*,
   467 U.S. 837 (1984)........................................................................8, 10

*Clinkenbeard v. King*,
   No. 0:23-cv-03151-JRT-LIB, 2024 WL 4355157 (D. Minn. June 20, 2024),
   *report and recommendation adopted*, No. 0:23-cv-03151-JRT, 2024 WL
   4355063 (D. Minn. Sept. 30, 2024), *appeal filed*, No. 24-3127 (8th Cir.)..........24

*Cntr. for Env't Health v. Regan*,
   103 F.4th 1027 (4th Cir. 2024) ...........................................................34

*David v. King*,
   109 F.4th 653 (4th Cir. 2024) .............................................................14

*Dunn v. Janson*,
   No. 6:24-cv-01544-JFA-KFM, 2024 WL 2853592 (D.S.C. Apr. 22, 2024), *report
   and recommendation adopted*, No. 6:24-cv-01544-JFA, 2024 WL 2852299
   (D.S.C. June 5, 2024)........................................................................23

*Eubanks v. Young*,
   No. 5:21-cv-00351-FWV-CAE, 2022 WL 2398521(S.D.W. Va. May 5, 2022),
   *report and recommendation adopted*, No. 5:21-cv-00351-FWV, 2022 WL
   2400048 (S.D.W. Va. July 1, 2022) .....................................................23

*Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*,
   529 U.S. 120 (2000)..........................................................................14

*Foos v. Eischen*,
   No. 22-cv-0398-JWB-DJF, 2023 WL 2795860, (D. Minn. Mar. 14, 2023), *report
   and recommendation adopted*, No. 22-cv-0398-JWB, 2023 WL 2795480 (D.
   Minn. Apr. 5, 2023) ..........................................................................18

*Giovinco v. Pullen*,
   118 F.4th 527 (2d Cir. 2024) ..................................................... passim

*Hairston v. Entzel*,
   No. 24-cv-109-DLB, 2024 WL 4957562 (E.D. Ky. Dec. 3, 2024).....................23

*Hall v. Virginia*,
   385 F.3d 421 (4th Cir. 2004) ................................................................4

*Hargrove v. Healy*,
   No. 4:23-cv-01857-BYP, 2024 WL 3992261(N.D. Ohio Aug. 28, 2024), *appeal
   filed*, No. 24-3809 (6th Cir.) ................................................................24

*Hoey v. Cruz*,
No. 1:24-cv-08410-KMW, 2024 WL 3812050 (D.N.J. Aug. 14, 2024), *appeal filed*, No. 24-2770 (3d Cir.) ...................................................................24

*HuiHui v. Derr*,
No. 1:22-cv-00541-JAO-RT, 2023 WL 4086073 (D. Haw. June 20, 2023)........25

*Keeling v. Lemaster*,
No. 22-6126, 2023 WL 9061914 (6th Cir. Nov. 22, 2023) ............... 21, 22, 24, 27

*Kisor v. Wilkie*,
588 U.S. 558 (2019)...................................................................................8

*Komando v. Luna*,
No. 1:22-cv-00425-SE-AKJ, 2023 WL 310580 (D.N.H. Jan. 13, 2023), *report and recommendation adopted*, No. 1:22-cv-00425-SE, 2023 WL 1782034 (D.N.H. Feb. 6, 2023) ...........................................................................25

*Lallave v. Martinez*,
635 F. Supp. 3d 173 (E.D.N.Y. 2022) ..........................................................25

*Loper Bright Enters. v. Raimondo*,
603 U.S. 369 (2024)........................................................ 8, 24, 37, 38, 39

*Lopez v. Davis*,
531 U.S. 230 (2001)...................................................................................17

*Mancillas v. Fed. Bureau of Prisons*,
No. 1:22-cv-02767-SAG, 2023 WL 5404229 (D. Md. Aug. 22, 2023) ..............23

*Martinez v. Rosalez*,
No. 23-50406, 2024 WL 140438 (5th Cir. Jan. 12, 2024)..................................21

*McNeill v. Ramos*,
No. 23-6488, 2023 WL 6442551 (4th Cir. Oct. 3, 2023) ............................ 21, 24

*Moreno v. Ives*,
842 F. App'x 18 (9th Cir. 2020) ...................................................................17

*Muscarello v. United States*,
524 U.S. 125 (1998).....................................................................................35

*Nichols v. Knight*,
No. 1:23-cv-01822-RBK, 2024 WL 912455 (D.N.J. Mar. 4, 2024) ...................24

*Noe v. True*,
   No. 21-1373, 2022 WL 5080196 (10th Cir. Oct. 5, 2022) ...................................25

*Perez-Olivo v. Chavez*,
   394 F.3d 45 (1st Cir. 2005) ...................................................................................37

*Perrin v. United States*,
   444 U.S. 37 (1979) .................................................................................................31

*Pugin v. Garland*,
   19 F.4th 437 (4th Cir. 2021) .................................................................................35

*Pulsifer v. United States*,
   601 U.S. 124 (2024) .................................................................................................2

*Richardson v. Warden FCI Edgefield*,
   No. 4:23-cv-4770-DCC-TER, 2024 WL 1862195 (D.S.C. Feb. 8, 2024) ..........23

*Roberts v. Sea-Land Servs., Inc.*,
   566 U.S. 93 (2012) ...................................................................................................9

*Sash v. Zenk*,
   344 F. Supp. 2d 376, 381 (E.D.N.Y. 2004), *aff'd*, 428 F.3d 132 (2d Cir. 2005)
   (Sotomayor, J.), *cert. denied,* 549 U.S. 920 (2006) ..............................................36

*Scott v. United States*,
   328 F.3d 132 (4th Cir. 2003) .................................................................................12

*Sharma v. Peters*,
   --- F. Supp. 3d ---, 2024 WL 4668135 (M.D. Ala. Nov. 4, 2024).......................25

*Sierra v. Jacquez*,
   No. 2:22-cv-01509-RSL-BAT, 2022 WL 18046701 (W.D. Wash. Dec. 27, 2022),
   *report and recommendation adopted*, No. 2:22-cv-01509-RSL, 2023 WL 184225
   (W.D. Wash. Jan. 13, 2023).....................................................................................26

*Silva v. Warden, FCC Coleman-Low*,
   No. 5:22-cv-629-WFJ, 2024 WL 98212 (M.D. Fla. Jan. 9, 2024) .......................24

*Smith v. Thompson*,
   No. 24-cv-9295-KMW, 2024 WL 4635300 (D.N.J. Oct. 30, 2024) ...................23

*Sok v. Eischen*,
   No. 23-1025, 2023 WL 5282709 (8th Cir. Aug. 17, 2023) .................................22

*South Carolina v. U.S. Army Corps of Eng'rs*,
 66 F.4th 189 (4th Cir. 2023) ............................................................9, 34

*Strauss v. Birkholz*,
 No. 2:24-cv-06778-SVW-JDE, 2024 WL 4867576 (C.D. Cal. Oct. 22, 2024) ...23

*Teed v. Warden Allenwood FCI Low*
 No. 23-1181, 2023 WL 4556726 (3d Cir. July 17, 2023) (per curiam), *cert.
 denied*, 144 S. Ct. 873 (2024) ....................................................... 21, 24

*Turkiye Halk Bankasi A.S. v. United States*,
 598 U.S. 264 (2023) ............................................................................14

*Turner v. Keyes*,
 No. 3:22-cv-00321-WMC, 2022 WL 17338577 (W.D. Wis. Nov. 30, 2022) .....37

*Tyler v. Garrett*,
 No. 24-1147, 2024 WL 5205501 (8th Cir. Dec. 24, 2024) .................................22

*U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*,
 508 U.S. 439 (1993) ............................................................................27

*United States v. Ala. Great S. R.R. Co.*,
 142 U.S. 615 (1892) ............................................................................38

*United States v. Beck*,
 957 F.3d 440 (4th Cir. 2020) .............................................................35

*United States v. Bryant*,
 No. 3:04-cr-00047, 2023 WL 4355053 (W.D. Va. July 5, 2023) ......................23

*United States v. Johnson*,
 325 F.3d 205 (4th Cir. 2003) .............................................................28

*United States v. LaBonte*,
 520 U.S. 751 (1997)............................................................................17

*United States v. Llewlyn*,
 879 F.3d 1291 (11th Cir. 2018) ...........................................................17

*United States v. Martin*,
 974 F.3d 124 (2d Cir. 2020) ..............................................................17

*United States v. McHan*,
  386 F.3d 620 (4th Cir. 2004) ...............................................12

*United States v. Moore*,
  95 U.S. 760 (1877) ...........................................................38

*United States v. Thomas*,
  32 F.4th 420 (4th Cir. 2022) ...............................................12

*United States v. Vaughn*,
  806 F.3d 640 (1st Cir. 2015) ..............................................26

*United States v. Wilson*,
  503 U.S. 329 (1992) ..................................................... 13, 14

*Untalan v. Derr*,
  No. 1:23-cv-00091-JMS, 2023 WL 2868519 (D. Haw. Apr. 10, 2023) ............28

*Walton v. Fikes*,
  No. 0:22-cv-01998-JWB-TNL, 2023 WL 6283298 (D. Minn. Aug. 10, 2023),
  *report and recommendation adopted*, No. 0:22-cv-01998-JWB, 2023 WL
  6282897 (D. Minn. Sept. 26, 2023) ...................................30

*Whitfield v. Sproul*,
  No. 3:23-cv-02687-JPG, 2024 WL 4434086 (S.D. Ill. Oct. 7, 2024) .......... 23, 24

*Wold v. Fed. Bureau of Prisons*,
  No. 4:18-cv-04061-VLD, 2018 WL 4906273 (D.S.D. Oct. 9, 2018) .......... 32, 33

*Yates v. United States*,
  574 U.S. 528 (2015) .........................................................32

*Yufenyuy v. Warden*,
  659 F. Supp. 3d 213 (D.N.H. 2023) ...............................25

**Statutes**

18 U.S.C. § 924(c) ....................................................... passim

18 U.S.C. § 3582(c)(2) ...................................................26

18 U.S.C. § 3584 ....................................................... passim

18 U.S.C. § 3584(c) ..................................................... passim

18 U.S.C. § 3585 ...................................................................17

18 U.S.C. § 3585(a) ................................................................6

18 U.S.C. § 3585(b) .............................................................6, 13

18 U.S.C. § 3621 ...................................................................17

18 U.S.C. § 3621(h) ...............................................................38

18 U.S.C. § 3621(h)(1)(A) .........................................................2

18 U.S.C. § 3624 ...................................................................17

18 U.S.C. § 3624(b) ...............................................................36

18 U.S.C. § 3624(b)(1) ............................................................13

18 U.S.C. § 3631 ...................................................................38

18 U.S.C. § 3632 ...................................................................16

18 U.S.C. § 3632(a) ................................................................2

18 U.S.C. § 3632(d) .............................................................2, 15

18 U.S.C. § 3632(d)(1)-(4) .........................................................2

18 U.S.C. § 3632(d)(4) .................................................... 15, 19, 37

18 U.S.C. § 3632(d)(4)(A) .........................................................14

18 U.S.C. § 3632(d)(4)(C) ...................................................... 14,15

18 U.S.C. § 3632(d)(4)(D) ................................................... passim

18 U.S.C. § 3632(d)(4)(D)(xxii) .............................................. passim

18 U.S.C. § 3632(d)(4)(E) .........................................................26

18 U.S.C. § 3635 ...................................................................31

18 U.S.C. § 3635(4) ............................................................ 15, 31

21 U.S.C. § 841(a)(1) ..............................................................4

21 U.S.C. § 841(b)(1)(A) ...........................................................5

21 U.S.C. § 841(b)(1)(B) ....................................................................4, 5

21 U.S.C. § 841(b)(1)(C) ......................................................................4

21 U.S.C. § 846 ...................................................................................4, 5

21 U.S.C. § 851 ......................................................................................4

28 U.S.C. § 2241 ...................................................................1, 6, 12, 22

28 U.S.C. § 1291 ....................................................................................1

28 U.S.C. § 1331 ....................................................................................1

28 U.S.C. § 2253(a) ...............................................................................1

34 U.S.C. § 60541(g)(1)(A) ..................................................................28

FSA § 101(a) .........................................................................................14

Pub. L. No. 98-473 ...............................................................................16

Pub. L. No. 115-391 ...............................................................................2

## Regulations

28 C.F.R. § 0.96 ...................................................................................13

28 C.F.R. §§ 523.40-523.44 ...................................................................3

28 C.F.R. § 523.41(d) ........................................................................3, 38

28 C.F.R. § 523.41(d)(1) ........................................................................3

28 C.F.R. § 523.41(d)(2) ........................................................................3

28 C.F.R. § 523.42(a) ...........................................................................25

87 Fed. Reg. 2705-01 (January 19, 2022) ................................................3

**INTRODUCTION**

The district court correctly determined that the unambiguous language of the First Step Act of 2018 ("FSA"), read within its statutory context, renders Petitioner-Appellant Gregory Allen Bonnie ineligible to earn time credits under the FSA. Bonnie attempts to create an unnecessary circuit split with his preferred statutory interpretation, which has no support in precedent and is contrary to how the Second, Third, Fifth, Sixth, and Eighth Circuits have opined on this issue. This Court should affirm the judgment of the district court.

**STATEMENT OF JURISDICTION**

The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2241. Appellant timely filed a notice of appeal on July 2, 2024. JA289. This Court has jurisdiction over the final judgment of the district court pursuant to 28 U.S.C. §§ 1291 and 2253(a).

**STATEMENT OF THE ISSUE**

Did the district court correctly hold that 18 U.S.C. § 3632(d)(4)(D) of the First Step Act, in conjunction with 18 U.S.C. § 3584(c) of the Sentencing Reform Act, renders Bonnie ineligible to earn time credits under the First Step Act because he is serving a term of imprisonment for multiple offenses, one of which is ineligible for time credits?

## STATEMENT OF THE CASE

### I.   Statutory and Regulatory Background

In 2018, Congress enacted the FSA, *see* Pub. L. No. 115-391, 132 Stat. 5194, which was a "significant sentencing reform law[,]" *Pulsifer v. United States*, 601 U.S. 124, 151 (2024). Among other reforms, the FSA required the Attorney General to develop "a risk and needs assessment system" to be used to determine, among other things, each prisoner's "recidivism risk[,]" to assign a prisoner to "appropriate evidence-based recidivism reduction programs or productive activities[,]" and to assess when a prisoner is "ready to transfer into prerelease custody or supervised release . . . ." 18 U.S.C. § 3632(a). The FSA also directed the Bureau of Prisons ("BOP") to "implement and complete the initial intake risk and needs assessment for each prisoner" and "to assign prisoners to appropriate evidence-based recidivism reduction programs based on that determination." *Id.* § 3621(h)(1)(A).

The FSA provides incentives for prisoners to complete evidence-based recidivism reduction programs and productive activities. *See id.* § 3632(d). These incentives include phone privileges, additional visitation time, and the ability to earn time credits to apply toward time in prerelease custody or supervised release. *See id.* § 3632(d)(1)-(4). While most of these privileges are available to prisoners who "participate in and complete evidence-based recidivism reduction programs[,]" *id.* § 3632(d), the FSA exempts certain prisoners from being able to earn time credits, *id.*

§ 3632(d)(4)(D). The statute lists dozens of offenses that make a prisoner ineligible for FSA time credits. Relevant here, "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under . . . Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." *Id.* § 3632(d)(4)(D)(xxii).

In 2022, the BOP published its "procedures regarding the earning and application of time credits as authorized by the First Step Act of 2018." 87 Fed. Reg. 2705-01 (January 19, 2022).[1] The agency later implemented regulations codifying the procedures. *See* 28 C.F.R. §§ 523.40-523.44. The BOP's regulation at 28 C.F.R. § 523.41(d) explains who is eligible to earn these time credits, and it properly incorporates the mandate of section 3632(d)(4)(D). Specifically, section 523.41(d)(1) provides that "[a]ny inmate sentenced to a term of imprisonment pursuant to a conviction for a Federal criminal offense, or any person in the custody of the Bureau, is eligible to earn FSA Time Credits, *subject to the exception described in paragraph (d)(2) of this section*." (emphasis added). Section 523.41(d)(2) states that, if an "inmate is serving a term of imprisonment for an

---

[1] The public comment period ended on January 25, 2021. *See* 87 Fed. Reg. 2705-01 (Jan. 19, 2022).

offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits."

## II.    Factual Background

Bonnie is an inmate currently incarcerated at the Satellite Prison Camp at Federal Correctional Institution Williamsburg ("FCI Williamsburg") in Salters, South Carolina.  JA88.  His projected release date is January 13, 2029.[2]

In November 2005, Bonnie pleaded guilty in the District of South Carolina to two counts:  (1) engaging in a conspiracy to manufacture, possess, and distribute methamphetamine and to possess and distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C), 846, 851; and (2) possession of firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).  JA264 n.2 (citing *United States v. Bonnie* ("*Bonnie I*"), No. 2:04-cr-000546-DCN-1 (D.S.C. Nov. 10, 2005), ECF Nos. 36; 106).  The district court sentenced Bonnie to a 180-month term, consisting of 120 months for the first count and 60 months for the second count, to run consecutively.  JA8.

In June 2017, Bonnie was released to an eight-year term of supervised release. JA9; JA93-94.  Almost four years later, in April 2021, the district court revoked

---

[2] The Inmate Locator on the BOP's website lists Bonnie's place of incarceration and projected release date.  *See* https://www.bop.gov/inmateloc/ (last visited Jan. 29, 2025).  The Court can take judicial notice of this information.  *See Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (taking judicial notice of public information on an official government website).

Bonnie's term of supervised release because he failed to refrain from the use of controlled substances and pleaded guilty to two more new criminal charges. JA28-30. Bonnie pleaded guilty to (1) engaging in a conspiracy to possess with intent to distribute and to distribute methamphetamine and heroin, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and (2) possessing with intent to distribute methamphetamine and heroin, in violation of 21 U.S.C. § 841(b)(1)(B). JA30; JA265 n.3 (citing *United States v. Bonnie* ("*Bonnie II*"), No. 2:19-cr-00060-DCN-3 (D.S.C. May 27, 2021), ECF Nos. 463; 1128). The district court sentenced Bonnie to 24 months' imprisonment for his supervised release revocation in *Bonnie I*. JA28-29. Bonnie was also sentenced to 120 months' imprisonment for the new criminal conduct. JA23-24; JA30-31. The district court committed Bonnie to the BOP's custody and ordered that these sentences run consecutively. JA26; JA31.

In September 2021—after Congress had enacted the FSA—Bonnie asked the BOP to classify him as eligible to receive FSA time credits. JA48-49. Bonnie requested eligibility only for the 120-month sentence, which he asserted was for an eligible offense under the FSA. JA48-49. While he recognized that his 24-month revocation sentence was for an ineligible conviction under the FSA (section 924(c)), he asked that the 24-month sentence not make him ineligible to earn FSA time credits on his 120-month sentence. JA48-49; JA62. Bonnie also asked the BOP to

tell him when his 24-month sentence starts and ends. JA62. In responding to

Bonnie's request, the BOP explained how it calculated his term of imprisonment:

> Pursuant to 18 U.S.C. § 3584(c), 'Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.' Appropriately, your terms of imprisonment in Case Nos. 2:19-CR-00060-DCN-3 [*Bonnie II*] and 2:04-cr-000546-DCN [*Bonnie I*] have been aggregated to produce a single 144-month term of imprisonment. Your 144-month term of imprisonment commenced on April 21, 2021, the date of imposition in accordance with Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and the provisions of 18 U.S.C. § 3585(a). Consistent with 18 U.S.C. § 3585(b), you have received 910 days prior custody credit for time spent in official detention from October 24, 2018 through April 20, 2021. Currently you are projected to earn a total of 648 days of Good Conduct Time (GCT) credit resulting in a statutory release date of January 13, 2029, via GCT release.

JA63.

In other words, the BOP is statutorily obligated to aggregate Bonnie's

sentences. Because Bonnie's aggregate term of imprisonment includes an ineligible

offense, he is precluded from earning time credits under the FSA for participating in

evidence-based recidivism reduction programs or productive activities. Bonnie is

still receiving good conduct time credits.

### III.   Procedural History

After exhausting his administrative remedies with the BOP, Bonnie filed a *pro*

*se* habeas petition under 28 U.S.C. § 2241. JA36-75; JA88. Bonnie claimed that the

BOP was denying him time credits under the FSA, which would reduce his sentence

by 12 months. JA37. Although Bonnie agreed that the BOP has "the authority to aggregate two sentences for administrative purposes[,]" Bonnie argued that his 24-month revocation sentence must have "a starting point and stopping point . . . ." JA38.

Respondent Warden of FCI Williamsburg filed a motion to dismiss or, alternatively, for summary judgment. JA76-115. The motion included a declaration and supporting exhibits describing how the BOP calculated Bonnie's sentence and determined his ineligibility to earn FSA time credits. JA88-115. Bonnie obtained counsel and responded in opposition. JA116-221.

This case was referred to a magistrate judge, who recommended granting Respondent's motion for summary judgment and dismissing Bonnie's petition. JA222-236. The magistrate judge's report and recommendation ("Report") noted that Bonnie's ongoing prison sentence was related to his underlying conviction under section 924(c)—which is an ineligible offense for purposes of receiving FSA time credits—and that the BOP treated Bonnie's new 120-month sentence and his 24-month revocation sentence "as one aggregate term of imprisonment." JA229-230. The Report found the BOP's interpretation of the FSA to be "a mandatory interpretation based on the BOP's other statutory obligations." JA229. The Report also considered cases from other jurisdictions with similar facts and arguments that consistently concluded that petitioners like Bonnie are ineligible for FSA time

credits.  JA230-234.  Alternatively, the Report noted that, if the district court found that the statutory provisions were ambiguous, the BOP's statutory interpretation was entitled to deference under *Chevron, USA, Inc. v. NRDC, Inc.*, 467 U.S. 837 (1984). JA234.  Bonnie filed objections to the Report, JA237-255, and Respondent replied, JA256-262.

In May 2024, over a month before the Supreme Court issued its decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), which overturned *Chevron*, the district court adopted the magistrate judge's Report in full and granted the Respondent's motion for summary judgment.  The district court began its analysis "by look[ing] at the text of the statute" and "then proceed[ed] with 'all the tools of construction, emptying [its] interpretive toolbox[] . . . .'"  JA274 (citing *Cela v. Garland*, 75 F.4th 355, 361 (4th Cir. 2023) (quoting *Kisor v. Wilkie*, 588 U.S. 558, 575 (2019))).

Beginning with the FSA's text, the district court observed that the statute provides criteria defining who is eligible to earn time credits for successfully completing evidence-based recidivism reduction programs or productive activities. JA269-270.  Relevant here, "'[a] prisoner is ineligible to receive time credits . . . if the prisoner is serving a sentence for a conviction under . . .' § 924(c)."  JA271 (quoting 18 U.S.C. § 3632(d)(4)(D)(xxii)).  The district court recognized that section 3632(d)(4)(D) of the FSA is "silent as to the eligibility of prisoners convicted of

multiple offenses—some eligible and others ineligible for time credits." JA277 (citing 18 U.S.C. § 3632(d)(4)(D)).

Confronted with this silence in the FSA, the district court turned to "the appropriate statutory context." JA278. It applied the "'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" JA278 (quoting *South Carolina v. U.S. Army Corps of Eng'rs*, 66 F.4th 189, 196 (4th Cir. 2023) (quoting *Roberts v. Sea-Land Servs., Inc.*, 566 U.S. 93, 101 (2012))). The district court recognized that the FSA was enacted against a backdrop of preexisting statutory provisions, including 18 U.S.C. § 3584(c). JA271. This requires "'[m]ultiple terms of imprisonment ordered to run consecutively or concurrently . . . [to] be treated for *administrative purposes* as a single, aggregate term of imprisonment.'" JA271 (quoting 18 U.S.C. § 3584(c)) (emphasis added). The district court concluded that the phrase "administrative purposes" includes "the computation of sentences" and "discretionary administrative functions such as determining a 'current offense' for early release eligibility . . . ." JA278 (internal citation omitted).

Because the BOP is statutorily mandated to aggregate terms of imprisonment for administrative purposes, the district court found that it was "reasonable for the BOP to apply the aggregation rule to 18 U.S.C. § 3632(d)(4)(D) and conclude that if one of the aggregated convictions precludes the inmate from earning time credits,

the entire aggregated sentence has the same effect." JA278.  Moreover, the district court noted that the aggregation rule "should be considered alongside Congress's broad delegation to the BOP to manage prisoner's sentences, including the calculation of an inmate's term of imprisonment—which implicates the eligibility provisions for time credits included in § 3632(d)(4)(D)."  JA281 (internal citations omitted).

Notably, the district court emphasized that Bonnie cited "no statute or caselaw to support a contrary interpretation."  JA278.  The district court observed that there is a "large body of persuasive decisions which have held that the BOP has the discretion to aggregate eligible and ineligible sentences imposed by sentencing courts in its analysis of which prisoners may earn FSA time credits."  JA284 (internal citations omitted).  *See also* JA283-286 (explaining how precedent supports the district court's conclusion).

Ultimately, the district court concluded that the statutory text was unambiguous and that, "under the plain language of the statute read in its statutory context," Bonnie's "ineligible offense impacts his entire sentence such that he is ineligible for FSA time credits."  JA285-286.  In a footnote, the district court mentioned an alternative holding that, "[e]ven if section 3632(d)(4)(D) were ambiguous, the BOP's interpretation as to that statutory gap is reasonable and entitled to deference."  JA286 n.16 (citing *Chevron*, 467 U.S. at 843).  In other

10

words, "had the court found the FSA ambiguous, it would have granted the motion for summary judgment on the second step of the *Chevron* analysis." JA286 n.16. This appeal followed. JA289.

## SUMMARY OF THE ARGUMENT

The district court was correct in denying Bonnie's petition for writ of habeas corpus. Bonnie is currently serving two consecutive criminal sentences—one supervised-release revocation based upon a section 924(c) conviction for possession of a firearm in furtherance of a drug trafficking crime and one sentence for drug offenses. Only the former is a disqualifying offense under the FSA. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii). Nonetheless, the BOP is statutorily obligated to aggregate concurrent or consecutive sentences for administrative purposes, pursuant to 18 U.S.C. § 3584(c), including when calculating sentences and administering incentives. The unambiguous plain text and statutory context of the FSA require that a prisoner convicted of multiple offenses, at least one of which is a disqualifying offense, is ineligible to receive time credits under the FSA, as every other circuit court opining on this issue has held. Because Bonnie is serving a term of imprisonment that includes a disqualifying offense, he is ineligible to earn FSA time credits, and the district court properly denied his habeas petition.

## STANDARD OF REVIEW

This Court reviews de novo a district court's denial of a petition for habeas corpus relief under 28 U.S.C. § 2241. *See Castaneda v. Perry*, 95 F.4th 750, 755 (4th Cir. 2024). Likewise, the Court reviews questions of statutory interpretation de novo. *See United States v. Thomas*, 32 F.4th 420, 423 (4th Cir. 2022). The Court is "'entitled to affirm on any ground appearing in the record, including theories not relied upon or rejected by the district court.'" *United States v. McHan*, 386 F.3d 620, 623 (4th Cir. 2004) (quoting *Scott v. United States*, 328 F.3d 132, 137 (4th Cir. 2003)).

## ARGUMENT

### I. The BOP properly determined that Bonnie is not eligible to earn FSA time credits.

The BOP correctly determined that Bonnie is ineligible to receive FSA time credits due to his section 924(c) conviction. Bonnie agrees that, while he is serving his 24-month section 924(c) revocation sentence, he is not able to earn FSA time credits because section 924(c) is an ineligible offense. Appellant's Br. at 1, 22. And he concedes that, if he were only serving this 24-month revocation sentence, there would be no dispute about his eligibility. *Id.* at 1. The issue, according to Bonnie, is whether his section 924(c) revocation sentence "taint[s]" his separate drug sentence such that he is ineligible to earn FSA time credits during the entirety of his imprisonment. *Id.* at 2. At its core, the question boils down to whether the BOP

must aggregate multiple sentences when determining an inmate's eligibility for FSA time credits. The district court correctly held that the BOP is statutorily obligated to do so. Because Bonnie's section 924(c) conviction impacts his entire sentence, he is not eligible for FSA time credits.

### A. The BOP is authorized to determine sentence credits.

The Attorney General, through the BOP, bears the responsibility for imprisoning federal offenders. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). *See also* 28 C.F.R. § 0.96 ("The Director of the [BOP] is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons . . . charged with or convicted of offenses against the United States . . . .").

When imprisoning federal offenders, the BOP calculates an inmate's term of imprisonment as "an administrative matter . . . ." *Wilson*, 503 U.S. at 335. For example, the BOP determines how much jail-time credit a federal offender earned for time "spent in official detention prior to the date the sentence commences[,]" 18 U.S.C. § 3585(b), and how much credit a federal offender can receive toward the service of his sentence if he "display[s] exemplary compliance with institutional disciplinary regulations," 18 U.S.C. § 3624(b)(1). And, as Bonnie acknowledges, the BOP determines how many "time credits" to award eligible prisoners for

"'successful participation in evidence-based recidivism reduction programming or productive activities . . . .'" Appellant's Br. at 5 (quoting JA153 (FSA § 101(a); 18 U.S.C. § 3632(d)(4)(A))).

If dissatisfied with the BOP's calculation, prisoners must seek "administrative review of the computation of their credits" before asking for judicial review. *Wilson*, 503 U.S. at 335. Here, there is no dispute that Bonnie exhausted his administrative remedies before filing his habeas petition. *See* Appellant's Br. at 9 (discussing Bonnie's pursuit of his administrative remedies); JA48-63.

### B. The plain language of 18 U.S.C. § 3632(d)(4)(D) placed in its statutory context requires the BOP to aggregate sentences to determine FSA eligibility.

Whether Bonnie is eligible to receive FSA time credits is a matter of statutory interpretation—an analysis that starts with "the statutes' plain language." *David v. King*, 109 F.4th 653, 661 (4th Cir. 2024) (internal quotation marks and citation omitted). In fulfilling the "duty to construe statutes, not isolated provisions[,] . . . [c]ourt[s] must read the words Congress enacted in their context and with a view to their place in the overall statutory scheme." *Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 275 (2023) (internal quotation marks and citations omitted). *See also Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (Courts must "interpret the statute as a symmetrical and coherent regulatory scheme, . . . and fit, if possible, all parts into an harmonious whole . . . .")

(internal quotation marks and citation omitted). The district court properly did so here. Interpreting the language of 18 U.S.C. § 3632(d)(4)(D) alongside its surrounding provisions, the district court correctly denied Bonnie's petition because the BOP properly determined that Bonnie is not eligible for FSA time credits.

To begin, the FSA "provide[s] incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs . . . ." 18 U.S.C. § 3632(d). One such incentive or reward is the ability to earn time credits that are applied toward a prisoner's prerelease custody or supervised release. *Id.* § 3632(d)(4)(C). Pursuant to section 3632(d)(4), "[a] prisoner, *except for an ineligible prisoner under subparagraph (D)*, who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits . . . ." (emphasis added). A "prisoner" is defined as "a person who has been sentenced to a 'term of imprisonment' pursuant to a conviction for a Federal criminal offense, or a person in the custody of the [BOP]." 18 U.S.C. § 3635(4).

Subparagraph (D) of section 3632(d)(4) lists almost seventy offenses that render a prisoner ineligible to earn time credits under the FSA. The ineligibility provision relevant here states:

(D) <u>Ineligible prisoners</u>.—A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:

. . .

(xxii) Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.

*Id.* § 3632(d)(4)(D)(xxii).

Congress enacted these FSA provisions in 2018 "against the backdrop of existing statutes," as the district court correctly observed. JA271 (citing 18 U.S.C. § 3584(c)). Notably, section 3632—the provision on FSA time credits—was included within Chapter 229 (called "Postsentence Administration") of Title 18 of the United States Code. In an earlier provision, section 3584 of Title 18 found within Chapter 227 (called "Sentences"), Congress imposed a statutory obligation on the BOP to aggregate multiple terms of imprisonment. This provision was enacted more than three decades before the FSA as part of the Sentencing Reform Act of 1984. *See* Pub. L. No. 98-473, 98 Stat. 1837.

Section 3584 provides in pertinent part:

(c) <u>Treatment of multiple sentence as an aggregate</u>.—Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for *administrative purposes* as a single, aggregate term of imprisonment.

18 U.S.C. § 3584(c) (emphasis added).

This aggregation provision requires the BOP, for "administrative purposes[,]" to treat "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently . . . as a single, aggregate term of imprisonment." *Id*. The phrase "administrative purposes" includes not only sentence computation but also "all administrative determinations made by BOP." *Moreno v. Ives*, 842 F. App'x 18, 22 (9th Cir. 2020) (unpublished) (citing *Lopez v. Davis*, 531 U.S. 230, 242 (2001)). There is no language in section 3584 to suggest otherwise.

Indeed, courts have recognized that the phrase "administrative purposes" includes "administration of other types of sentencing credits, such as time-served credits (§ 3585), good-time credits (§ 3624), and residential drug-abuse program credits (§ 3621)." *Giovinco v. Pullen*, 118 F.4th 527, 531 (2d Cir. 2024) (citing *United States v. Martin*, 974 F.3d 124, 136 (2d Cir. 2020); *Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 650 (3d Cir. 2021) (unpublished); *Moreno*, 842 F. App'x at 21; *United States v. LaBonte*, 520 U.S. 751, 758 n.4 (1997)). *See also United States v. Llewlyn*, 879 F.3d 1291, 1295 (11th Cir. 2018) (listing computation of "inmates' credit for time served[]" as one of the BOP's administrative duties) (internal citations omitted).

Given this statutory backdrop, the district court correctly concluded that section 3584(c)'s aggregation directive applies to the BOP's administration of the FSA time-credit program. JA281. Because determining an inmate's eligibility to

earn time credits, like those under section 3632(d)(4)(D), is one of the BOP's administrative functions, the BOP must treat an inmate's sentences as "a single, aggregate term of imprisonment" when making this determination, regardless of whether multiple sentences are imposed concurrently or consecutively or by one or several courts. 18 U.S.C. § 3584(c). This statutory interpretation properly places "the eligibility restrictions identified in § 3632(d)(4)(D) . . . in the context of the BOP's preexisting statutory obligation to aggregate concurrent and consecutive sentences for administrative purposes[,]" as the district court explained. JA281. As a result, the BOP must find that a prisoner is ineligible to earn FSA time credits if one of the prisoner's convictions precludes him from receiving time credits. In other words, "if one of the aggregated convictions precludes the inmate from earning time credits, the entire aggregated sentence has the same effect." JA278.

The language of section 3584(c) and section 3632(d)(4)(D) plainly dictates this result, which makes sense. Without aggregation, there would be "practical consequences and administrative challenges involved in [the BOP] evaluating each discrete offense and tracking whether an inmate's participation in a program or activity during an ineligible or eligible sentence accrues time credits." *Foos v. Eischen*, No. 22-cv-0398-JWB-DJF, 2023 WL 2795860, at *4 (D. Minn. Mar. 14, 2023), *report and recommendation adopted*, No. 22-cv-0398-JWB, 2023 WL 2795480 (D. Minn. Apr. 5, 2023). If Congress intended for the BOP to ignore its

statutory duty to aggregate multiple terms of imprisonment "and to direct the BOP to apply the statutory criteria of § 3632(d)(4)(D) to each individual sentence, it could have expressed that intention either expressly or by fair implication in the FSA." *Giovinco*, 118 F.4th at 532 (internal citation omitted).  But Congress did not do so.

### C. Courts nationwide have interpreted the FSA to disqualify prisoners, like Bonnie, who are serving an aggregate term of imprisonment that includes an ineligible offense.

The district court's statutory interpretation is in line with every other circuit court to have opined on this issue—the Second, Third, Fifth, Sixth, and Eighth Circuits—including a panel of this Circuit.  In *Giovinco*, the Second Circuit issued a published decision holding that the BOP did not err in aggregating a prisoner's sentence pursuant to section 3584(c) for the purpose of determining eligibility for FSA time credits under section 3632(d)(4).  118 F.4th at 529.  The Second Circuit engaged in its own statutory interpretation, acknowledging that the BOP is responsible for "administering the FSA time credit program, and for that reason its implementation of § 3632(d)(4)(D) is an 'administrative purpose' for which multiple terms of imprisonment are to be treated as a single, aggregate term." *Id.* at 531.  The Second Circuit further highlighted that the text of section 3632(d)(4)(D) is consistent with this reading.  While the phrase "serving a sentence for" in section 3632(d)(4)(D) "can be read to refer to an individual sentence for an individual conviction," this can "also be read to refer to an aggregate term of imprisonment." *Id.* at 531-32.  Given

the BOP's statutory obligation to aggregate sentences for administrative purposes, as well as "precedent holding that the aggregation provision applies to other sentencing credit programs," the Second Circuit concluded that "the phrase 'is serving a sentence for' is best understood as referring to the prisoner's aggregate term of imprisonment." *Id*. at 532.

Bonnie's only criticism of *Giovinco* is that the analysis "depends on cases interpreting aggregation in the context of other credit programs"—including "post-FSA enactment cases discussing time-served credits and good-time credits[]"—"to affirm application of the provision to BOP's administration of the FSA time credits[,]" and Bonnie argues that "[n]either compel a different result." Appellant's Br. at 46 n.25. But the Second Circuit did not rely solely on those cases. The analysis in *Giovinco*, like the district court's here, properly began with the statutory text and "its placement and purpose in the statutory scheme." *Giovinco*, 118 F.4th at 531 (internal quotation marks and citation omitted). The Second Circuit also "recognize[d] that Congress may establish a background principle of interpretation to guide courts in understanding subsequently enacted statutes[]" and considered section 3584(c)—the "aggregation provision"—to "establish[] a background principle according to which [m]ultiple terms of imprisonment . . . shall be treated for administrative purposes as a single, aggregate term of imprisonment[.]" *Id.* at 531 (internal quotation marks and citations omitted). It was the mandate of section

3584(c) that provided the basis for the decision of the Second Circuit and other courts nationwide.

Every circuit court to have considered the question—whether the BOP must aggregate a prisoner's sentences when determining eligibility for FSA time credits— has reached the same conclusion. In *McNeill v. Ramos*, this Court issued an unpublished opinion affirming an order finding the petitioner ineligible for FSA time credits where he was serving a sentence for eligible drug offenses and an ineligible section 924(c) conviction. No. 23-6488, 2023 WL 6442551, at *1 (4th Cir. Oct. 3, 2023) (per curiam) ("We also conclude that the district court did not err in finding that McNeill was ineligible for sentencing time credits.") (citing 18 U.S.C. § 3632(d)(4)(D)(xxii)). *See also* JA283 (discussing *McNeill*, 2023 WL 6442551). In *Teed v. Warden Allenwood FCI Low*, the Third Circuit found the "BOP's aggregation of [the petitioner's] sentence and FSA ineligibility designation to be proper." No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023) (per curiam), *cert. denied*, 144 S. Ct. 873 (2024). In *Martinez v. Rosalez*, the Fifth Circuit upheld the district court's denial of a habeas petition because the petitioner's "sentences were properly aggregated, and he was not eligible to earn FSA time credits." No. 23-50406, 2024 WL 140438, at *4 (5th Cir. Jan. 12, 2024) (per curiam). In *Keeling v. Lemaster*, the Sixth Circuit observed that "courts have consistently and correctly held that the calculation of a prisoner's sentence, and the awarding of credits that

reduce the length of that sentence, are administrative functions of the BOP subject to § 3584(c)."  No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023) (internal quotation marks and citations omitted).  The Sixth Circuit held that the district court "did not err in concluding that [the petitioner's] aggregated sentence precluded him from receiving earned time credit under the FSA and denying his § 2241 petition."  *Id.*  Finally, in *Sok v. Eischen*, the Eighth Circuit concluded that "the BOP correctly treated [the petitioner's] prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him FSA credits."  No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) (per curiam) (internal citations omitted).  *See also Tyler v. Garrett*, No. 24-1147, 2024 WL 5205501 (8th Cir. Dec. 24, 2024) (per curiam) (affirming the district court's denial of a habeas petition because "the BOP correctly treated [the petitioner's] prison terms as a single aggregated sentence . . . [and] properly denied him eligibility for FSA credits") (internal citations omitted).

Likewise, district courts nationwide have upheld the BOP's aggregation of a prisoner's sentences and the agency's determination that an aggregate term of imprisonment consisting of ineligible and eligible offenses precludes a prisoner from earning  FSA  time  credits.   Several  district  courts  in  the  Fourth  Circuit  have addressed  similar  circumstances  to  those  here—each  holding  that  a  petitioner  is ineligible  to  receive  FSA  time  credits  when  serving  an  aggregate  term  of

imprisonment that includes a sentence for a section 924(c) conviction. *See Barnes v. Warden*, No. 23-cv-2333-ELH, 2024 WL 3275477, at *6 (D. Md. July 2, 2024); *Dunn v. Janson*, No. 6:24-cv-01544-JFA-KFM, 2024 WL 2853592, at *3 (D.S.C. Apr. 22, 2024), *report and recommendation adopted*, No. 6:24-cv-01544-JFA, 2024 WL 2852299 (D.S.C. June 5, 2024); *Richardson v. Warden FCI Edgefield*, No. 4:23-cv-4770-DCC-TER, 2024 WL 1862195, at *5 (D.S.C. Feb. 8, 2024), *report and recommendation adopted*, No. 4:23-cv-04770-DCC, 2024 WL 1861555 (D.S.C. Apr. 29, 2024); *Banks v. King*, No. 5:22-HC-02164-M-RJ, 2023 WL 8242450, at *4 (E.D.N.C. Nov. 28, 2023); *Mancillas v. Fed. Bureau of Prisons*, No. 1:22-cv-02767-SAG, 2023 WL 5404229, at *5-6 (D. Md. Aug. 22, 2023); *United States v. Bryant*, No. 3:04-cr-00047, 2023 WL 4355053, at *4 (W.D. Va. July 5, 2023); *Eubanks v. Young*, No. 5:21-cv-00351-FWV-CAE, 2022 WL 2398521, at *5 (S.D.W. Va. May 5, 2022), *report and recommendation adopted*, No. 5:21-cv-00351-FWV, 2022 WL 2400048 (S.D.W. Va. July 1, 2022).

In 2024 alone, over a dozen district courts in other circuits reached the same conclusion—that an inmate is ineligible for FSA time credits if his or her entire term of imprisonment includes a section 924(c) conviction.[3]   As one district court

---

[3] *See Hairston v. Entzel*, No. 24-cv-109-DLB, 2024 WL 4957562, at *1 (E.D. Ky. Dec. 3, 2024); *Brewer v. Harrison*, No. 2:23-cv-2305-SHL, 2024 WL 4859101, at *2 (W.D. Tenn. Nov. 21, 2024); *Smith v. Thompson*, No. 24-cv-9295-KMW, 2024 WL 4635300, at *2 (D.N.J. Oct. 30, 2024); *Strauss v. Birkholz*, No. 2:24-cv-06778-SVW-JDE, 2024 WL 4867576, at *2 (C.D. Cal. Oct. 22, 2024); *Whitfield v. Sproul*,

explained in "idiomatic terms," "one bad apple spoils the barrel," and "a spoiled barrel, rising tide or not, is still a spoiled barrel." *Whitfield*, 2024 WL 4434086, at *2.

Bonnie faults the district court for citing FSA time-credit cases "all brought by *pro se* litigants" that he contends "took conflicting approaches to *Chevron*"—a case overruled in *Loper Bright*, 603 U.S. 369. Appellant's Br. at 13 n.8. Even if the majority of the cited cases were filed by *pro se* litigants, this does not impact the persuasiveness of the courts' decisions. And not all of these cases applied the *Chevron* framework in their analysis. *See, e.g.*, *McNeill*, 2023 WL 6442551; *Teed*, 2023 WL 4556726; *Keeling*, 2023 WL 9061914.

At the end of the day, in almost fifty pages of briefing, Bonnie does not identify a single case that has accepted his statutory interpretation. Although Bonnie

No. 3:23-cv-02687-JPG, 2024 WL 4434086, at *2 (S.D. Ill. Oct. 7, 2024); *Clinkenbeard v. King*, No. 0:23-cv-03151-JRT-LIB, 2024 WL 4355157, at *7 (D. Minn. June 20, 2024), *report and recommendation adopted*, No. 0:23-cv-03151-JRT, 2024 WL 4355063 (D. Minn. Sept. 30, 2024), *appeal filed*, No. 24-3127 (8th Cir.); *Hargrove v. Healy*, No. 4:23-cv-01857-BYP, 2024 WL 3992261, at *5 (N.D. Ohio Aug. 28, 2024), *appeal filed*, No. 24-3809 (6th Cir.); *Baker v. Lovett*, No. 6:24-cv-00120-KKC, 2024 WL 4157989, at *1 (E.D. Ky. Aug. 21, 2024); *Hoey v. Cruz*, No. 1:24-cv-08410-KMW, 2024 WL 3812050, at *1 (D.N.J. Aug. 14, 2024), *appeal filed*, No. 24-2770 (3d Cir.); *Beadle v. Rardin*, No. 0:24-cv-02045-JWB-DJF, 2024 WL 3403236, at *1 (D. Minn. June 20, 2024), *report and recommendation adopted*, No. 0:24-cv-02045-JWB, 2024 WL 3402708 (D. Min. July 13, 2024); *Andrews v. Rardin*, No. 2:24-cv-10994-SFC, 2024 WL 3236249, at *3 (E.D. Mich. June 28, 2024); *Nichols v. Knight*, No. 1:23-cv-01822-RBK, 2024 WL 912455, at *4 (D.N.J. Mar. 4, 2024); *Silva v. Warden, FCC Coleman-Low*, No. 5:22-cv-629-WFJ, 2024 WL 98212, at *2 (M.D. Fla. Jan. 9, 2024).

cites several cases that he claims "reject[ed] BOP assertions that it [was] empowered to deem people ineligible for credits, or to bar the application of time credits, for reasons not listed in the FSA[,]" Appellant's Br. at 16 n.10, these cases concern other BOP determinations. In two of the cases, the courts analyzed different subsections of the FSA-ineligibility provision—18 U.S.C. § 3632(d)(4)(D)—to address whether the petitioner had been convicted of an ineligible offense. *See* Appellant's Br. at 16 n.10 (citing *Noe v. True*, No. 21-1373, 2022 WL 5080196, at *10 (10th Cir. Oct. 5, 2022); *Lallave v. Martinez*, 635 F. Supp. 3d 173, 189-90 (E.D.N.Y. 2022)). Yet there is no dispute that Bonnie was convicted of an ineligible offense under the FSA. *See* Appellant's Br. at 1.

Three other cases cited by Bonnie are also inapplicable, for they concern the BOP's application of one of its regulations, 28 C.F.R. § 523.42(a), regarding the date when a prisoner can begin to earn FSA time credits, and this regulation is not at issue here. *See* Appellant's Br. at 16-17 & n.10 (citing *Yufenyuy v. Warden*, 659 F. Supp. 3d 213, 218 (D.N.H. 2023); *Sharma v. Peters*, --- F. Supp. 3d ---, 2024 WL 4668135, at *6-7 (M.D. Ala. Nov. 4, 2024); *HuiHui v. Derr*, No. 1:22-cv-00541-JAO-RT, 2023 WL 4086073, at *4-5 (D. Haw. June 20, 2023)).

The remaining cases that Bonne cites in footnote 10 do not concern the relevant ineligibility provision—18 U.S.C. § 3632(d)(4)(D). *See* Appellant's Br. at 16-17 n.10 (citing *Komando v. Luna*, No. 1:22-cv-00425-SE-AKJ, 2023 WL

310580, at *5-6 (D.N.H. Jan. 13, 2023), *report and recommendation adopted*, No. 1:22-cv-00425-SE, 2023 WL 1782034 (D.N.H. Feb. 6, 2023) (concerning "the 'final order of removal' provision" of the FSA, 18 U.S.C. § 3632(d)(4)(E)); *Sierra v. Jacquez*, No. 2:22-cv-01509-RSL-BAT, 2022 WL 18046701, at *2 (W.D. Wash. Dec. 27, 2022), *report and recommendation adopted*, No. 2:22-cv-01509-RSL, 2023 WL 184225 (W.D. Wash. Jan. 13, 2023) (same); *Brodie v. Pliler*, No. 1:22-cv-03821-LGS, 2022 WL 16751908, at *2-3 (S.D.N.Y. Nov. 7, 2022) (concerning the BOP's "'interim procedures' to implement the FSA and [the BOP's final] Rule" regarding the FSA's time-credit provisions)).

To put it simply, Bonnie is asking this Court to create an unnecessary circuit split. As discussed above, every circuit court to have addressed the issue has upheld district-court decisions concluding that a petitioner was ineligible for FSA time credits where the petitioner's term of imprisonment included multiple offenses—at least one of which was an ineligible offense under the FSA. There is no reason to depart from this precedent.[4]

---

[4] Bonnie states that "circuit courts across the country have rejected a reading of 18 U.S.C. § 3584 that would impermissibly expand aggregation." Appellant's Br. at 31. *See also id.* at n.18 (collecting cases). However, as Bonnie admits, these decisions are in "other contexts"—"[t]he most common" concerning the judiciary's ability to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2). *Id.* at 31. There, "'the issue at hand [was] judicial, *not administrative*." *Id.* at 32 (quoting *United States v. Vaughn*, 806 F.3d 640, 643-44 (1st Cir. 2015)) (emphasis added). But here, Bonnie's petition concerns an administrative matter—the "administration of [his] sentences." *Vaughn*, 806 F.3d at 644 (internal citation omitted). And courts have

II.    **This Court should reject Bonnie's attempt to create an unnecessary circuit split based on a reading of the FSA that is not built with all of the tools of statutory construction.**

Bonnie asserts that he has the "best reading" of the FSA, Appellant's Br. at 12, but he ignores the "holistic" nature of statutory construction, *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 455 (1993) (internal quotation marks and citation omitted).  Although he claims to "appl[y] all traditional tools of statutory construction[,]" Appellant's Br. at 14, Bonnie's interpretation disregards the statutory regime on which Congress was legislating when it enacted the FSA in 2018, and Bonnie attempts to undermine the plain language by looking to legislative history and the rule of lenity.  Bonnie's reading is far from the "best," for it also ignores the BOP's consistent practice of aggregating sentences for FSA purposes. The Court should reject Bonnie's statutory interpretation.

### A. Bonnie's interpretation disregards the statutory scheme.

The Supreme Court has instructed that "[s]tatutory construction is a holistic endeavor."  *U.S. Nat'l Bank of Or.*, 508 U.S. at 455 (internal quotation marks and citation omitted).  As such, this Court "employ[s] the traditional tools of statutory interpretation, examining language in the context of the statute as a whole, . . . the

---

consistently held that calculating a prisoner's sentence and "the awarding of credits that reduce the length of that sentence, are administrative functions of the BOP subject to § 3584(c)."  *Keeling*, 2023 WL 9061914, at *1 (internal citations omitted).

overall statutory scheme, . . . and other relevant enactments . . . ." *United States v. Johnson*, 325 F.3d 205, 208-09 (4th Cir. 2003) (internal citations omitted).

Bonnie acknowledges this Court's "duty to construe statutes in their entirety, not as isolated provisions." Appellant's Br. at 35. He references "other sections of the FSA," namely a provision that expanded the Second Chance Act of 2007's pilot program for certain offenders. Appellant's Br. at 23. In 34 U.S.C. § 60541(g)(1)(A), Congress directed that "[t]he Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from [BOP] facilities and placing such offenders on home detention until the expiration of the prison term . . . ." But Bonnie fails to mention that this is an early-release program that does not work in the same way as the FSA time-credit program. "The Second Chance Act is not an additional source of time 'credits[,]'" *Untalan v. Derr*, No. 1:23-cv-00091-JMS, 2023 WL 2868519, at *4 (D. Haw. Apr. 10, 2023) (internal citation omitted), so it does not require the BOP to calculate an offender's time credits for placement into the program. When administering incentives that reduce the length of an inmate's term of imprisonment—as the BOP does for the FSA time-credit program—the BOP is carrying out one of its administrative functions that requires aggregation pursuant to section 3584(c).

Bonnie's statutory interpretation also overlooks the preexisting statutory scheme that Congress put in place decades before enacting the FSA—a scheme that regulates the BOP's administration of the federal prison system.  Bonnie argues that, in the FSA, "Congress deliberately placed substantial components of the FSA credit program—including the precursor question of eligibility—outside of BOP's administrative control," Appellant's Br. at 39 (emphasis in original), because Congress did not include the FSA-eligibility provisions within the same subchapter as the aggregation provision, 18 U.S.C. § 3584(c).  Moreover, Bonnie advances a similar argument to that made in *Giovinco* that "the determination of a prisoner's eligibility to earn FSA time credits is legislative—not administrative—because Congress set the eligibility criteria by statute and made the awarding of credits mandatory."  118 F.4th at 532 (internal citation omitted).  *See also* Appellant's Br. at 39-44.  Like the petitioner in *Giovinco*, Bonnie "observes that other sentencing credit programs—such as residential drug-abuse program ['RDAP'] credits under § 3621—delegate to the BOP the authority to determine the eligibility of a prisoner[,]" 118 F.4th at 532, and Bonnie argues that "FSA time credits are different[,]" Appellant's Br. at 43.  Bonnie also suggests that the BOP should de-aggregate sentences when determining FSA eligibility because the Parole Commission's aggregation of sentences "for setting a parole eligibility date[] . . . does *not* deprive the sentences of their distinct parole implications[,]" and the BOP "de-aggregates

sentences to comply with a bilateral national treaty . . . ." Appellant's Br. at 33-34 (emphasis in original).

However, Bonnie ignores the fact that Congress enacted the FSA after setting forth "a background principle" in "[t]he aggregation provision . . . ." *Giovinco*, 118 F.4th at 531. Under that provision, "'[m]ultiple terms of imprisonment . . . shall be treated for administrative purposes as a single, aggregate term of imprisonment.'" *Id.* (quoting 18 U.S.C. § 3584(c)). If Congress intended to depart from this principle and "direct the BOP to apply the statutory criteria of § 3632(d)(4)(D) to each individual sentence, it could have expressed that intention either expressly or by fair implication in the FSA. . . . But it did not do so." *Giovinco*, 118 F.4th at 532 (internal citation omitted). *See also Walton v. Fikes*, No. 0:22-cv-01998-JWB-TNL, 2023 WL 6283298, at *2 (D. Minn. Aug. 10, 2023), *report and recommendation adopted*, No. 0:22-cv-01998-JWB, 2023 WL 6282897 (D. Minn. Sept. 26, 2023) ("Congress's silence regarding how aggregated sentences would be treated under the FSA is not a reflection that § 3584(c) was to be ignored; instead, it was a reflection that § 3584(c) already existed, already controlled in this situation, and was already sufficient to guide the BOP."). As the district court correctly noted, "Bonnie's suggestion to consider other provisions of the FSA while overlooking preexisting statutes . . . including widely used and understood definitions arising from those statutes . . . misses the mark." JA280.

In addition, Bonnie emphasizes the distinction between Congress' use of two phrases: (1) "term of imprisonment" in the definition of prisoner, 18 U.S.C. § 3635(4), and (2) "serving a sentence" in the ineligibility provision, 18 U.S.C. § 3632(d)(4)(D). Appellant's Br. at 17. Bonnie argues that, when Congress enacted the FSA, it used these different terms "to refer to different concepts." *Id.* Bonnie contends that a "term of imprisonment" refers to an inmate's "overall" term in BOP custody, whereas "a sentence" refers to "a discreet judgment imposed for a singular conviction." *Id.* at 16-17, 20.

Bonnie's interpretation ignores two tools of statutory construction. First, as the district court identified, "'[a] fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning.'" JA276 (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)). While the FSA includes a section called, "Definitions," the statute does not define the phrases "term of imprisonment" or "serving a sentence." *See* 18 U.S.C. § 3635. Therefore, the district court correctly relied on the "ordinary, contemporary, common meaning and [found] that 'serving a sentence of conviction' and 'term of imprisonment' mean the same thing: an inmate has been convicted of a criminal offense, and a court has sentenced him or her to a term of incarceration." JA277 (internal citation omitted).

Bonnie notes that one of the definitions for "sentence" in *Black's Law Dictionary* is "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty." Appellant's Br. at 20 (internal quotation marks and citation omitted). But he ignores that *Black's Law Dictionary* further defines "sentence" to include "the *punishment* imposed on a criminal wrongdoer . . . ." *Sentence*, Black's Law Dictionary (12th ed. 2024) (emphasis added). A "sentence" thus specifies punishment, as does the term "imprison," which *Black's Law Dictionary* defines as "[t]o put into prison; to jail; incarcerate." *Imprison*, Black's Law Dictionary (12th ed. 2024). Where an inmate's "'sentence' includes confinement, the 'sentence' includes a 'term of imprisonment.'" JA277 (quoting *Wold v. Fed. Bureau of Prisons*, No. 4:18-cv-04061-VLD, 2018 WL 4906273, at *6 (D.S.D. Oct. 9, 2018)). Therefore, as the district court observed, "[t]he difference in terms—§ 3632(d)(4)(D)'s 'serving a sentence for a conviction' and § 3584(c)'s 'term of imprisonment'—is a meaningless distinction." JA276.

Second, Bonnie fails to recognize that the "heading of a section" is a "tool[] available for the resolution of a doubt about the meaning of a statute." *Yates v. United States*, 574 U.S. 528, 540 (2015) (internal quotation marks and citation omitted). Relevant here, Congress gave section 3584 a heading called "Multiple sentences of imprisonment," and it gave subsection (c) a heading called "Treatment of multiple sentence as an aggregate." Within subsection (c), Congress then

referenced "terms of imprisonment."  Thus, "in 18 U.S.C. § 3584(c), Congress used the terms 'sentence' and 'terms of imprisonment' interchangeably[,]" *Giovinco*, 118 F.4th at 532 n.2, showing that the difference in these words is "a distinction without a difference," *Wold*, 2018 WL 4906273, at *6.  *See also* JA276-277 (explaining why "[t]he difference in terms—§ 3632(d)(4)(D)'s 'serving a sentence for a conviction' and § 3584(c)'s 'term of imprisonment'—is a meaningless distinction").  Applying this and the other tools of statutory construction discussed above, this Court should affirm the district court's statutory interpretation.

### B. Bonnie tries to undermine the clear statutory language by looking to legislative history and the FSA's purpose.

Bonnie argues that legislative history and the purpose of the FSA and section 3584 support his statutory interpretation.  *See* Appellant's Br. at 25-26, 30-31, 36-37 (referencing reports from the U.S. House of Representatives and Senate and a letter from two U.S. Senators).  Bonnie asserts that he "fits the mold of who Congress had in mind when it created the FSA credit program[]" because "he poses a low risk of recidivism upon release[,]" "has diligently participated in programming[,] . . . has maintained employment, and has already completed five recidivism reduction programs."  Appellant's Br. at 25-26 (internal citation omitted).  While Bonnie's participation in this programming is encouraging, it is nonetheless noteworthy that Bonnie is in custody because he engaged in new criminal conduct while on

supervised release for his section 924(c) offense, and yet he wants this Court to bifurcate his sentences so that he can obtain time credits on his eligible offenses.

In any event, Bonnie's citations to legislative history are "irrelevant . . . [where, as here, there is] an unambiguous statute." *Cntr. for Env't Health v. Regan*, 103 F.4th 1027, 1039 n.12 (4th Cir. 2024) (internal quotation marks and citation omitted). Because the plain language of the FSA, read within its statutory context, unambiguously renders Bonnie ineligible to earn FSA time credits, the district court properly did not "delve into the depths of the FSA's purpose" or its legislative history. JA282. And this Court need not do so here.[5]

### C. The rule of lenity cannot save Bonnie's interpretation.

Bonnie attempts to obtain reversal of the district court's decision by asking this Court to invoke the rule of lenity and hold that this rule counsels against aggregating sentences when determining eligibility for FSA time credits. *See* Appellant's Br. at 46-48. Bonnie asserts that the Court should apply this rule if it

---

[5] The Due Process Institute and the National Association of Criminal Defense Lawyers submitted an amicus curiae brief in favor of Bonnie's position. *See* ECF No. 27. Like Bonnie, counsel for amici curiae rely on legislative history to support Bonnie's statutory interpretation. *See id.* at 3-9, 12-16. But where, as here, the text is clear, this Court "[does not] resort to legislative history to cloud a statutory text . . . ." *South Carolina*, 66 F.4th at 197 (internal quotation marks and citation omitted).

finds "the interplay between [18 U.S.C.] § 3584(c) and the FSA time credit eligibility statute, 18 U.S.C. § 3632(d)(4)(D), is ambiguous . . . ." Appellant's Br. at 46-47.[6]

However, "[t]he simple existence of some statutory ambiguity . . . is not sufficient to warrant application of that rule, for most statutes are ambiguous to some degree." *Muscarello v. United States*, 524 U.S. 125, 138 (1998) (internal citation omitted). This rule is "the last resort of interpretive methods." *United States v. Beck*, 957 F.3d 440, 450 (4th Cir. 2020) (internal quotation marks and citation omitted). "Lenity only applies to criminal statutes or the functional equivalent[,]" *Pugin v. Garland*, 19 F.4th 437, 444 (4th Cir. 2021), and "only if, after seizing everything from which aid can be derived, [the Court] can make no more than a guess as to what Congress intended[,]" and only if "there is a grievous ambiguity or uncertainty in the statute." *Muscarello*, 524 U.S. at 138 (internal quotation marks and citations omitted).

Because the FSA's plain language, read within the statutory context, contains no ambiguity, let alone any "*grievous* ambiguity or uncertainty[,]" the rule of lenity does not apply. *Muscarello*, 524 U.S. at 138 (internal quotation marks and citations

---

[6] The amicus brief urges this Court to apply the rule of lenity as well, stating that section 3632(d)(4)(D) is "unclear whether 'serving a sentence for a conviction' applies to an entire aggregated term or to each specific sentence." ECF No. 27 at 21. While the amicus brief argues that "*years* of liberty hang on this ambiguity," *id.* (emphasis added), Bonnie has only claimed that the BOP's denial of FSA time credits would reduce his sentence by 12 months, JA37. Regardless, for the reasons below, the Court should not apply the rule of lenity.

omitted) (emphasis added).  *See Barber v. Thomas*, 560 U.S. 474, 488 (2010) ("Having so considered the statute, we do not believe that there remains a 'grievous ambiguity or uncertainty' in the statutory provision before us.  Nor need we now simply 'guess' what the statute means.").

Even if there was ambiguity, which there is not, the Court should find that the rule of lenity does not apply because section 3632(d)(4)(D) is not "the 'functional equivalent' of a criminal statute[,]" despite Bonnie's assertion to the contrary. Appellant's Br. at 48.  While the rule of lenity "applies not only to interpretations of the substantive ambit of criminal prohibitions, but also to the penalties they impose," *Bifulco v. United States*, 447 U.S. 381, 387 (1980), section 3632(d)(4)(D) does not provide such a criminal prohibition nor penalty.  Although the BOP's administrative reward of time credits to a prisoner for participating in evidence-based recidivism reduction programming or productive activities impacts a prisoner's time served, this does not mean that the BOP is sentencing the prisoner.  "The rule of lenity should come into play whenever statutory ambiguity leaves in doubt whether particular conduct is subject to criminal penalty and the extent of the punishment that may be imposed *by a judge . . .*"—not if there is doubt about how the BOP should administer time-credit rewards for prisoners.  *Sash v. Zenk*, 344 F. Supp. 2d 376, 381 (E.D.N.Y. 2004), *aff'd*, 428 F.3d 132 (2d Cir. 2005) (Sotomayor, J.), *cert. denied*, 549 U.S. 920 (2006) (emphasis added).  *Cf. Sash*, 428 F.3d at 134 (holding that 18 U.S.C. §

3624(b), which governs the BOP's reward of good-time credits, is not a criminal statute where "the BOP's administrative reward for compliance with prison regulations is a sentence reduction . . ." but is not "part of the process of criminal sentencing[]"); *Perez-Olivo v. Chavez*, 394 F.3d 45, 53 (1st Cir. 2005) (assessing "the reasonableness of the BOP's calculation of reductions in a sentence for [good conduct time], which is not, strictly speaking, a 'criminal' statute, and thus [the First Circuit] [did] not believe the rule of lenity would apply").

Again, as with his reading of the FSA, Bonnie does not identify any case that has applied the rule of lenity to prevent the BOP from aggregating sentences when determining eligibility for FSA time credits. Although he cites one district court opinion that interpreted section 3632(d)(4)(D), that case did not address the interplay between aggregation in section 3584(c) and FSA eligibility in section 3632(d)(4)(D). *See* Appellant's Br. at 47 (citing *Turner v. Keyes*, No. 3:22-cv-00321-WMC, 2022 WL 17338577, at *4 (W.D. Wis. Nov. 30, 2022)).

### D. Bonnie's interpretation fails to consider the BOP's consistent practice of aggregating sentences when determining FSA eligibility.

Bonnie's interpretation disregards the BOP's consistent practice of aggregating a prisoner's sentence pursuant to section 3584(c) when determining eligibility for FSA time credits under section 3632(d)(4). This BOP practice is entitled to "the most respectful consideration." *Loper Bright*, 603 U.S. at 386 (internal quotation marks and citation omitted).

"The FSA tasks the BOP with administering the FSA time credit program under the supervision of the Attorney General." *Giovinco*, 118 F.4th at 529 (citing 18 U.S.C. §§ 3621(h), 3631). As explained above, in 2022, the BOP published its procedures for administering FSA time credits and later codified the procedures at 28 C.F.R. § 523.41(d). This regulation has remained in place since then. It represents the "Executive Branch interpretation" that was issued "roughly contemporaneously with enactment of the statute" and has "remained consistent over time." *Loper Bright*, 603 U.S. at 386 (internal citations omitted).

Although *Chevron* has been "overruled" and "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, . . . [c]areful attention to the judgment of the Executive Branch may help inform that inquiry." *Id.* at 412-13. The "longstanding practice of the government" deserves "the most respectful consideration" and informs the "determination of what the law is." *Id.* (internal quotation marks and citations omitted). *See United States v. Ala. Great S. R.R. Co.*, 142 U.S. 615, 621 (1892) ("[The] contemporaneous construction thus given by the executive department of the government, and continued for nine years . . . should be considered as decisive . . . ."); *United States v. Moore*, 95 U.S. 760, 763 (1877) ("The construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration, and ought not to be overruled without cogent reasons.") (internal

quotation marks and citation omitted). The BOP has consistently taken the position that it is required to aggregate sentences when determining eligibility to earn FSA time credits. This is entitled to "the most respectful consideration." *Loper Bright*, 603 U.S. at 386.

## **CONCLUSION**

For these reasons, the Court should affirm the judgment of the district court.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By:     *s/Kimberly V. Hamlett*
        Kimberly V. Hamlett
        Assistant United States Attorney
        United States Attorney's Office
        151 Meeting Street, Suite 200
        Charleston, South Carolina 29401
        Phone: (843) 266-1673
        Email: Kimberly.Hamlett@usdoj.gov

*Attorney for Respondent-Appellee*

January 29, 2025

## **STATEMENT REGARDING ORAL ARGUMENT**

Respondent-Appellee respectfully suggests that oral argument is not necessary in this case. The facts and legal issues are adequately presented in the materials before the Court, and oral argument likely would not aid the Court in reaching its decision.

# CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 9,228 words, excluding the sections of this brief that Federal Rule of Appellate Procedure 32(f) exempts. I further certify that this brief complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) because it uses Times New Roman 14-point font, a proportionally-spaced typeface.

*s/Kimberly V. Hamlett*
Kimberly V. Hamlett
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document through the

Court's CM/ECF system on January 29, 2025. I certify that all participants in the

case are registered CM/ECF users and that service will be accomplished by the

CM/ECF system.

*s/Kimberly V. Hamlett*
Kimberly V. Hamlett
Assistant United States Attorney
